IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANGELA ARIONNA BRANDENBERG,**

    **Plaintiff,**

v.                                                                                                                                                   No. 19-cv-0323 SMV

**ANDREW SAUL,**[1]
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Brief in Support of Motion to Remand or Reverse [Doc. 15], filed on September 18, 2019. The Commissioner responded on December 16, 2019. [Doc. 19]. Plaintiff replied on December 27, 2019. [Doc. 20]. The parties have consented to my entering final judgment in this case. [Doc. 6]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet her burden as the movant before this Court to show either that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that his findings were not supported by substantial evidence. That is, Plaintiff fails to show any reversible error in the ALJ's evaluation of her subjective-symptom allegations or in the ALJ's RFC determination. The Motion will be denied, and the Commissioner's final decision, affirmed.

---

[1] Andrew Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003)). The "decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* (quoting *Bernal v. Bowen*, 851 f.2d 297, 299 (10th Cir. 1988)). While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The 'failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.'" *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015); 20 C.F.R. § 404.1505(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520 (2012).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i)–(iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on December 31, 2015. Tr. 14. She alleged a disability-onset date of March 30, 2015. *Id.* Her claims were denied initially. *Id.* ALJ Raul C. Pardo held a hearing on September 18, 2017, in El Paso, Texas. Tr. 14, 27–80, 128. Plaintiff appeared in person with her attorney, Aida Medina Adams. Tr. 14. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Nicole King. Tr. 14, 71–78.

The ALJ issued his unfavorable decision on March 2, 2018. Tr. 22. He found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. Tr. 16. At step one, he found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "status post cardiovascular accident, diabetes mellitus with neuropathy, rheumatoid arthritis, status post amputation of the toe due to osteomyelitis." *Id.* The ALJ also found that Plaintiff's anxiety was not severe. Tr. 17.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 17–18. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 18–21. The ALJ found that Plaintiff had:

>the [RFC] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except [Plaintiff] can reach, handle, finger, and feel bilaterally frequently. She can occasionally climb ramps and stairs but should never climb ladders, ropes, or scaffolds. She can balance and stoop occasionally and occasionally work at unprotected heights. [Plaintiff]'s time off task can be accommodated by normal breaks.

Tr. 18.

At step four, the ALJ found that Plaintiff was able to return to her past relevant work as a customer service worker (Dictionary of Occupational Titles ("DOT") number 299.367-010), receptionist (DOT 237.367-010), insurance agent (DOT 250.257-010), medical biller (DOT 214.482-018), and cashier (DOT 211.462-010) as they are generally performed. Tr. 21. Accordingly, the ALJ found that Plaintiff was not disabled, and he denied her claims. *Id.* The Appeals Council denied review on February 4, 2019. Tr. 1–3. Plaintiff timely filed the instant action on April 5, 2019. [Doc. 1].

## Analysis

Plaintiff makes two primary arguments. She argues that the ALJ erroneously evaluated her subjective complaints of pain and other symptoms under Social Security Ruling ("SSR") 16-3p. She also contends that the ALJ failed to perform a function-by-function assessment of her abilities, rendering the RFC analysis unsupported by substantial evidence. The Court finds that Plaintiff has failed to meet her burden to show reversible error. Accordingly, Plaintiff's Motion should be denied, and the Commissioner's decision should be affirmed.

### I. Plaintiff fails to show any reversible error in the ALJ's application of Social Security Ruling 16-3p in evaluating her reported symptoms.

In evaluating the symptoms reported by a claimant, the ALJ utilizes a two-step process. SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). First, the ALJ determines whether the

claimant has a medically determinable impairment that could reasonably be expected to produce the reported symptoms. *Id.* at *3. Second, the ALJ "evaluate[s] the intensity and persistence" of the symptoms, such as pain, and determines the extent to which the symptoms limit the claimant's ability to perform work-related activities. *Id.* at *4. In considering the "intensity, persistence, and limiting effects" of a claimant's symptoms, the ALJ examines "the entire case record." *Id.* For example, the ALJ should consider the claimant's:

> 1. Daily activities;
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.* at *7–8; *see* 20 C.F.R. § 404.1529(c)(3)(i)–(vii) (2017).

If the claimant's "statements about the intensity, persistence, and limiting effects" of her symptoms are consistent with the evidence of record, the ALJ will determine that the symptoms are "more likely to reduce [her] capacities to perform work-related activities . . . ." SSR 16-3p, 2017 WL 5180304, at *8. If they are not consistent, the ALJ will find that symptoms are "less likely to reduce [her] capacities to perform work-related activities . . . ." *Id.* Moreover, the ALJ will consider the claimant's attempts to seek medical treatment for her symptoms, whether she has

followed the recommended treatment, as well as the possible reasons for lack of treatment compliance. *Id.* at *9.

The ALJ's decision must contain more than conclusory findings. *Id.* at *10. A recitation of the factors is not adequate. *Id.* "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.*

### A.  Plaintiff fails to show reversible error in the ALJ's evaluation of her pain and neuropathy-related symptoms.

Plaintiff asserts that the ALJ "did not discuss diabetic neuropathy[4] in the decision" and "did not discuss" her complaints of pain related to neuropathy and rheumatoid arthritis "when formulating the RFC." [Doc. 15] at 8, 10. She cites a variety of records that provide evidence of her diabetic neuropathy-related symptoms, which include: ulcers, abscesses, and other infections (including cellulitis and osteomyelitis); numbness and tingling; diminished/absent sensation; hammertoe; and pain. *Id.* Yet, ALJ Pardo cited many of these records and others and explicitly discussed Plaintiff's ulcers, abscesses, osteomyelitis, cellulitis, and intermittent arthralgias[5] due to rheumatoid arthritis. Tr. 20–21. He also noted Plaintiff's testimony regarding her pain. *Id.* at 19. More importantly, the ALJ is not required to "discuss" every piece of evidence in the record, but

---

[4] Peripheral neuropathy is one of four types of diabetic neuropathy, which "is a type of nerve damage" and "a serious diabetes complication . . . ." *Diabetic neuropathy*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/diabetic-neuropathy/symptoms-causes/syc-20371580 (last visited July 1, 2020). "Signs and symptoms of peripheral neuropathy" include: "Numbness or reduced ability to feel pain or temperature changes"; "Tingling or burning sensation"; "Sharp pains or cramps"; "Increased sensitivity to touch"; and "Serious foot problems, such as ulcers, infections, and bone and joint pain." *Id.*

[5] Arthralgia is "inflammation or pain from within the joint . . . ." *Joint pain*, Mayo Clinic, https://www.mayoclinic.org/symptoms/joint-pain/basics/definition/sym-20050668 (last visited July 1, 2020).

to "consider" it. *Hendron v. Colvin*, 767 F.3d 951, 955 (10th Cir. 2014) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996)). ALJ Pardo stated that he considered all evidence in the record. Tr. 18, 19. Generally, if an ALJ writes that he has "considered" the evidence, federal courts in the Tenth Circuit take him "at his word." *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (quoting *Flaherty*, 515 F.3d at 1071) (brackets omitted). This case is no exception.

B.  Plaintiff fails to show reversible error at the<br>second step of the ALJ's 16-3p evaluation.

Plaintiff argues that at the second step of the 16-3p evaluation, the ALJ did not consider the frequency or intensity of her symptoms, the precipitating and aggravating factors, and the measures she takes to relieve her symptoms. [Doc. 15] at 11. She also contends that the ALJ did not properly evaluate her activities of daily living. *Id.* at 11–12.

With respect to her daily activities, the ALJ summarized Plaintiff's testimony and Function Report, noting that she is able to care for herself and her family, act as a part-time caregiver for her mother-in-law, prepare meals, clean, drive, shop, attend church, and walk for exercise twice a week. Tr. 19 (citations omitted). Plaintiff notes portions of the Function Report that the ALJ did not recount, but her argument is little more than a request to reweigh the evidence, a task outside this Court's purview.

Regarding the remaining 16-3p factors, I agree that the ALJ could have made more express findings. He mentioned Plaintiff's numbness, fatigue, and transitory pain that "moves to her hands, feet, shoulders and hips[,]" and he noted that medical findings showed "extremely mild rheumatoid" arthritis. Tr. 19–20. He also adequately described her consistent attempts to treat her symptoms through wound care and surgery (including amputation of her left big toe and corrective

surgery to prevent diabetic wounds and further amputation). Tr. 20–21 (citations omitted). While the ALJ did not make findings on every factor, Plaintiff fails to show that any shortcoming amounts to reversible error. There is no requirement that the ALJ make findings on each factor in the regulation. *See* SSR 16-3p, 2017 WL 5180304; 20 C.F.R. § 404.1529.

Plaintiff further asserts that the ALJ did not "expressly consider" her attempts to find relief from pain and her "frequent contact with physicians concerning her pain-related complaints." [Doc. 15] at 9–10 (quoting *Hardman v. Barnhart*, 362 F.3d 676, 680 (10th Cir. 2004)). In *Hardman*, the ALJ rejected the claimant's allegations of pain with boilerplate language, finding that the "claimant's allegations are not fully credible because . . . [of] the lack of medication for severe pain[ and] the frequency of treatments by physicians . . . ." 362 F.3d at 679. The Tenth Circuit found that this boilerplate language was not supported by the record, which showed that the claimant took numerous medications and had regularly sought treatment for pain. *Id.* at 679–80. ALJ Pardo did not use such boilerplate language to discount Plaintiff's subjective allegations in this case. Ultimately, the Court finds that the ALJ's 16-3p evaluation is supported by substantial evidence.

## II. Plaintiff fails to show that the ALJ's RFC determination is not supported by substantial evidence.

Plaintiff summarily argues that the ALJ's RFC determination is not supported by substantial evidence and that the ALJ erred in not performing a function-by-function assessment at step four. [Doc. 15] at 12. Plaintiff contends that "[u]sing the substantial evidence standard, . . . it is rational to assert that an individual with recurring diabetic ulcers, lower extremity numbness, tingling and pain would not be capable of standing or walking up to 5 1/5 hours or

stooping at least 2 1/2 hours during an average 8 hour workday." *Id.* at 9.  While this may be a rational assertion, it is not the relevant standard and is not a basis for reversal.  *See Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.") (quotation omitted).  Instead, I must assess whether substantial evidence supports the ALJ's decision. *Langley*, 373 F.3d at 1118.

Plaintiff contends that because the ALJ did not include a function-by-function assessment of her abilities, the RFC analysis is not supported by substantial evidence.  [Doc. 15] at 12 (citing *Hendron*, 767 F.3d at 956; *Chapo v. Astrue*, 682 F.3d 1285, 1288–89 (10th Cir. 2012)).  "Social Security Ruling 96-8p provides that '[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities.'" *Hendron*, 767 .3d at 956 (quoting SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996)).  The ruling explains that before expressing an RFC in terms of exertional categories (i.e., "light"), the ALJ must first consider "whether the individual can do past relevant work as . . . she actually performed it."  SSR 96-8p, 1996 WL 374184, at *3.

But an ALJ's failure to conduct a function-by-function analysis is not always reversible error.  *See Hendron*, 767 F.3d at 956–57.  In *Hendron*, for example, the Tenth Circuit found that the absence of an explicit function-by-function analysis was not critical to the outcome of the case because the ALJ clearly had addressed the limitation at issue (the claimant's ability to sit).  *See id.*  Here, Plaintiff does not explain how the ALJ's failure to perform a function-by-function assessment harmed her.  She states that "[i]t must be clear from the ALJ's decision that he has considered evidence regarding limitations and the ALJ must explain how the evidence in the record

10

supports the RFC, so that this Court can engage in meaningful review of the decision." [Doc. 15] at 13 (citation omitted). She does not carry her burden to show, however, what limitations or evidence the ALJ overlooked.[6]

I find that the ALJ's discussion of the evidence is adequate and allows for meaningful review. In support of his RFC determination, the ALJ discussed Plaintiff's testimony and described her own report of her abilities to "sit for up to 45 minutes before needing to shift her weight in place" and "stand for the same amount of time[,]" "walk a couple of blocks[,]" and "lift and carry up to 30 pounds." Tr. 19. He described her daily activities, including her abilities to care for herself and her family, act as a part-time caregiver for her mother-in-law, prepare meals, clean, drive, shop, attend church, and exercise. *Id.* He adequately reviewed the medical evidence and the opinion of Dr. Martin Rubinowitz, M.D., the state agency physician. Tr. 20–21. Dr. Rubinowitz opined that Plaintiff could perform light work with some postural limitations. *See* Tr. 89–92. The ALJ then imposed greater postural limitations than those opined by the state agency physician. *Compare* Tr. 18, *with* Tr. 89–92. While the ALJ did not specify the amount of time Plaintiff is able to sit, stand, and/or walk, he did find that she is capable of light work with limitations. Tr. 18. The full range of light work is defined in Social Security Ruling 83-10 as involving "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour

---

[6] Plaintiff asserts in her Reply that "the ALJ's RFC assessment did not include a narrative discussion describing how *all* the evidence supports his conclusion that the Plaintiff could perform light work . . . ." [Doc. 20] at 3–4 (emphasis added). Again, Plaintiff misstates the standard. The ALJ need not show that *all* of the record evidence supports the RFC, only *substantial* evidence. "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (subsequent citation omitted). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted).

workday" and sitting "intermittently during the remaining time." 1983 WL 31251, at *6 (Jan. 1, 1983). As this Ruling applies to the definition of "light" work in this case, the ALJ did not err in failing to expressly state the length of time Plaintiff can stand, sit, or walk. *See Cox v. Berryhill*, No. CV 17-2556-JWL, 2018 WL 3575648, at *2–3 (D. Kan. July 25, 2018). I find that substantial evidence supports the ALJ's RFC determination.[7]

The Court acknowledges that a "[f]ailure to perform a function-by-function assessment may result in an improper finding at step four regarding [a claimant's] ability to perform her past relevant work as she actually performed it." *Cox*, 2018 WL 3575648, at *2 (citation omitted). But Plaintiff does not attempt to explain how the RFC determination conflicts with how she actually performed her past relevant work. She points to no testimony or other record evidence to show that the way she actually performed her past relevant work differs from how the positions are generally performed. And critically, "RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy." SSR 96-8p, 1996 WL 374184, at *3. Here, ALJ Pardo found that Plaintiff's past relevant work "does not require the performance

---

[7] Plaintiff argues for the first time in her Reply that Dr. Rubinowitz's opinion is inconsistent with the record, because Plaintiff submitted additional evidence after the physician rendered his May 2016 opinion. [Doc. 20] at 7. To the extent that Plaintiff makes any new argument for the first time in her Reply, it is waived. *See Kruse v. Astrue*, 436 F. App'x 879, 885 (10th Cir. 2011) ("[a]rguments presented for the first time in a reply brief are waived" (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994))); *Berna v. Chater*, 101 F.3d 631, 632–33 (10th Cir. 1996) (recognizing "that waiver principles developed in other litigation contexts are equally applicable to social security cases") (quotation omitted).

    Had Plaintiff raised this issue appropriately, I would find it without merit. Plaintiff does not demonstrate that any later-submitted evidence would have changed the opinion, as she largely describes the post-May 2016 records as continuations of her earlier diagnoses. *See* [Doc. 20] at 7. With respect to the 2017 surgery to place rods in her foot, she testified that the surgery actually healed the osteomyelitis and relieved pressure caused by her hammertoe condition. Tr. 48; *see also id.* at 21. In sum, Plaintiff points to no medical evidence that indicates greater physical limitations than those reflected in the RFC. The later records do not change my finding that Dr. Rubinowitz's opinion provides substantial evidence for the ALJ's RFC determination.

of work-related activities precluded by [her RFC]." Tr. 21.  The ALJ also confirmed with the VE at the hearing that an individual with Plaintiff's RFC could perform the jobs of customer service worker, receptionist, insurance agent, medical biller, and cashier as they were actually and generally performed.  Tr. 75–76.  In sum, I find that Plaintiff has not shown reversible error and that the ALJ's RFC determination is supported by substantial evidence.

## Conclusion

Plaintiff's arguments are not persuasive.  She fails to show reversible error in the ALJ's evaluation of her reported symptoms.  She fails to show reversible error in the ALJ's failure to perform a function-by-function analysis of her abilities.  And she has not demonstrated that the RFC determination is unsupported by substantial evidence.  Accordingly, Plaintiff's Motion will be denied, and the Commissioner's decision will be affirmed.

**IT IS THEREFORE ORDERED** that Plaintiff's Brief in Support of Motion to Remand or Reverse [Doc. 15] be **DENIED** and the Commissioner's final decision, affirmed.

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**